UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                          PLAINTIFF

v.                                    CRIMINAL ACTION NO. 3:96CR-96-CRS

DAVID M. FRENCH                                                    DEFENDANT

## **MEMORANDUM OPINION**

In June of 1997, defendant David M. French was convicted of embezzlement and was sentenced to serve twenty-four months incarceration and five years of supervised release, and was ordered to pay $285,951.06 plus interest in restitution. On February 25, 2015, the United States obtained a Writ of Continuing Garnishment addressed to Fifth Third Bank with whom defendant French maintains a number of accounts. The United States asserts that French currently has an unpaid balance of $264,236.56 on his restitution obligation. French was served with the Clerk's Notice to Debtor Regarding Garnishment. In pertinent part, the notice informed French that

> If you are David M. French, you have the right to ask the court to return your property to you if you think the property the Government is taking qualifies under one of the exemptions or if you do not owe the money to the United States Government that it says you do.

> If you want a hearing, you must notify the court within 20 days after you receive this notice...

> If you think you live outside the Federal judicial district in which the court is located, you may request, not later than 20 days after you receive this notice, that this proceeding be transferred by the court to the Federal judicial district in which you reside...

French requested a hearing and transfer of the matter to the Middle District of Florida (DN 30). He also filed a letter (DN 33) as did his wife, Margaret V. French (DN 45), urging that because Margaret purportedly brought the now-restrained funds to the marriage in December of 2013, a sum which was said to constitute her retirement savings, the funds should not be seized by the United States in payment of French's restitution obligation. They have submitted documentation purporting to trace these funds to Margaret French.

The matter was referred to the United States Magistrate Judge for hearing and disposition. The magistrate undertook the issue of transfer to Florida as an initial matter, and recommended that the request for transfer be denied. As this court finds that a contrary resolution of the transfer issue is warranted, the report and recommendation will be rejected and this memorandum opinion and separate order will constitute the ruling of the court.

The Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3001 *et seq.*, "provides the exclusive civil procedures for the United States...to recover a judgment on a debt." § 3001(a). The subsection further provides, however, that the FDCPA procedures give way to other federal laws specifying procedures for recovering on a judgment for a debt to the extent that they are inconsistent with the FDCPA.

The FDCPA clearly covers the restitution owed by French. "Debt" is defined, in part, as "an amount that is owing to the United States on account of...restitution..." § 3002(3)(B). A "judgment" is defined as "a judgment, order or decree entered in favor of the United States in a court and arising from a civil or criminal proceeding regarding a debt." § 3002(8). Subsection 3003(b)(2) makes clear that the "chapter shall not be construed to curtail or limit the right of the United States under any other Federal law or any State law...to collect...restitution...in a criminal case."

- 2 -

The FDCPA provides that "any writ, order, judgment, or other process...filed under this chapter may be served in any state." § 3004(b)(1)(A).  Here, the writ was filed in the Western District of Kentucky, served on Fifth Third Bank in Cincinnati, Ohio, and notice was served on French in Port Orange, Florida.  Subsection 3004(b)(2) then provides that "if the debtor so requests within 20 days after receiving the notice described in section...3202(b), the action or proceeding in which the writ, order, or judgment was issued shall be transferred to the district court for the district in which the debtor resides."  French completed his terms of incarceration and supervised release, married Margaret, and apparently moved to Florida.  He has requested transfer under the statute.

The United States Court of Appeals for the Sixth Circuit noted in *United States v. Nash*, 175 F.3d 440, 443 (6th Cir. 1999), that

> There are compelling reasons why the law gives a defendant such as Nash the right to transfer venue to the jurisdiction in which he or she resides.  In the interest of justice, courts want to provide criminal defendants with the opportunity for a hearing and do not want to impose an inconvenience or undue financial hardship on them by requiring that they travel far distances to attend these hearings.  *See, e.g., Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)("[T]he purpose of the section is to prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" (quoting *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26-27, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960))).

The Sixth Circuit concluded in *Nash* that "[b]ecause the plain language of the statute is mandatory, the district court must grant such transfer as long as it is made in a timely manner." *Id.*  Transfer was not ordered in that case, however, as Nash was incarcerated at the time of his request for a hearing, and he was transported for the hearing to the district in which he was sentenced, at government expense.

Here, the United States supports its opposition to transfer of the matter, citing a number of

- 3 -

district court cases, including one from the Southern District of Ohio and another from the Western District of Kentucky, which declined transfer. The Kentucky district court opinion does not cite any authority, and thus is not helpful.[1] The Ohio district court case[2] relied on *United States v. Tedder*, No. 02-CR-0105-C01, 2004 WL 415270 (W.D.Wisc. Feb. 26, 2004), an unpublished district court opinion from the Western District of Wisconsin, which found inconsistency between the provisions of the FDCPA and the Mandatory Victim Restitution Act ("MVRA") and held that "[a]llowing transfer of any part of the enforcement proceedings would be inconsistent with the government's and the court's obligation to insure that the defendant complies with his court-ordered obligations." *Id.* at *3. This court disagrees with that conclusion.

The very language of the FDCPA contemplates the use of this civil procedure in the recovery of restitution in criminal cases. *See,* §§ 3001(a), 3001(b), 3002(3)(B), 3002(8). Indeed, §3004(b)(1)(B) provides that a writ served in any state may be enforced by the court issuing the writ regardless where the person is served, *except* as provided in (2). Subsection 3004(b)(2) is the *transfer provision.* This court sees no inconsistency between the FDCPA procedures and the court's retention of jurisdiction to enforce restitution ordered pursuant to the MVRA.

This court is not alone in this view. The Sixth Circuit in *Nash, supra.,* stated the obvious when it concluded that the plain language of the statute required transfer on a timely request. The court in *Nash* did not comment further on the transfer question, as Nash had the opportunity to argue that his property was exempt, and he incurred no financial hardship in doing so.

We agree with the district court's view in *United States v. Gipson*, 714 F.Supp.2d 571, 576

---

[1] We need not cite that case here.

[2] *United States v. Poulsen*, No. 2:06-CR-129-ALM-1, 2010 WL 1849294 (S.D.Ohio May 3, 2010).

(E.D.Va. 2010) that

> [N]otwithstanding the "shall be granted" language of § 3004(b)(2), the FDCPA vests courts with discretion to deny transfer where retaining jurisdiction would best effectuate the objectives of the MVRA. Specifically, the FDCPA's grant of plenary authority to district courts to "deny[ ], limit [ ], condition [ ], regulat[e], extend [ ], or modify [ ] the use of any enforcement procedure" clearly allows a court to deny a timely transfer for good cause, and good cause to deny transfer ordinarily would exist where transfer is requested merely to delay or frustrate efforts to collect on restitution judgments. Accordingly, the FDCPA's transfer provision merely operates to shift the burden from the party requesting transfer – on whom the burden ordinarily rests in civil and criminal matters – to the party opposing transfer where, as here, the requirements of § 3004(b)(2) are met. And there is no basis to conclude that the FDCPA's transfer framework – thus properly understood – is "inconsistent" with the MVRA, for sentencing courts may and should deny transfer when granting the motion to transfer would be inconsistent with the objectives of the MVRA.
>
> For essentially the same reasons, § 3004(b)(2) does not impermissibly "curtail or limit" any right of the United States. The MVRA vests the Attorney General with authority to collect on a restitution judgment. 18 U.S.C. § 3664(k). It does not, however, vest the government with absolute authority to proceed in the sentencing court despite a timely motion to transfer under the FDCPA, and despite the government's failure to show good cause to deny the transfer request. In short, the FDCPA's transfer provision does not operate to curtail or limit any right of the government under the MVRA or any other provision of federal law.

The *Gipson* court's analysis harmonizes the statutes. The imperative to transfer upon timely request of the debtor is respected, while recognizing the need to address "fact-specific circumstances of the collection proceeding [which] show that granting the request would frustrate the government's efforts to collect on an MVRA restitution judgment." *Id.*

This court is therefore disinclined to follow the (not insubstantial) line of cases which quote *Tedder, supra*., in finding tension between the FDCPA and the MVRA and a diminishment of the government's power to collect on the judgment. Rather, we believe a debtor is entitled to transfer unless it is shown that such transfer is requested merely for delay or frustration of collection efforts.

A request for a hearing is, in itself, a vehicle to delay further action against the property in

order to afford the debtor the opportunity to explain to the court why his property should not be subject to garnishment.  However, such delay inherent in a transfer and hearing is not grounds for denial of a request for transfer, as the statutory scheme specifically affords the debtor the right to such a hearing in the Federal judicial district in which he resides.  Rather, as illustrated in *United States v. Matthews*, 793 F.Supp.2d 72, 76 (D.D.C. 2011), when the particular circumstances evidence good cause, the request for transfer should be denied.  In *Matthews,* the court found that Matthews's residence had not changed since before her conviction,[3] and she did not assert any substantive basis for contesting the garnishment proceedings.  The court concluded that good cause was shown to deny the transfer, finding that the request was "merely an attempt to 'delay or frustrate the United States' efforts to collect on her restitution judgment[.]'"  *Matthews*, 793 F.Supp.2d at 76 (*quoting Gipson, supra.*).

This case presents a far different scenario.  French was sentenced in 1997 to a term of imprisonment of twenty-four months and a five-year term of supervised release all of which he completed.  Fast forward eleven years to 2015 when French has married and seems to have relocated to Port Orange, Florida, almost 900 miles from this district.  The United States has given French notice of a garnishment on various Fifth Third Bank accounts.  He and his wife have responded, asserting substantial objections accompanied by documentation.  We do not offer an opinion on the merits of French's arguments.  Rather, we note that he has asserted his right to contest the garnishment in the district in which he resides, and the filings indicate that he has not availed

---

[3]Matthews plead guilty in the United States District Court for the District of Columbia.  She resided in Maryland at the time of conviction and thereafter.  While unstated in the opinion, we presume that the reason that Matthews' continued residence in Maryland was mention in the court's analysis was to note the relatively close proximity of Maryland to Washington, D.C.  The implication appearing to be that any burden in traveling to D.C. for a hearing would be minimal.  This factor would militate in favor of transfer in the case at bar, inasmuch as French moved to Port Orange, Florida, almost 900 miles from Louisville, Kentucky.

himself of the process merely for the purpose of delay or frustration of collection.[4]   The court concludes, therefore, that the United States has not shown good cause to deny French the transfer he seeks.

Additionally, we find nothing in the procedure requiring the Middle District of Florida to retain the matter after addressing French's objections to the garnishment.   The United States' suggestions that "[a] large United States Attorney's Office like the Middle District of Florida, who did not prosecute the case, may not be as aggressive ensuring Kentucky victims are repaid...," and that "[a]ny delay in this matter could make collection of restitution non-existent..." (DN 35, p. 13) are dubious at best.

For the reasons set forth herein, the Report and Recommendation of the United States Magistrate Judge is rejected.   In accordance with the reasoning set forth herein, this matter will be transferred to the United States District Court for the Middle District of Florida for hearing and disposition of the defendant's objections to the garnishment.   A separate order will be entered herein this date in accordance with this opinion.

**IT IS SO ORDERED.**

September 2, 2015

**Charles R. Simpson III, Senior Judge**
**United States District Court**

---

[4]The United States contends that French has "defaulted on multiple payment plans," "used funds to purchase an expensive home," and "left the Western District of Kentucky without giving the United States his updated contact information."  (DN 35, p. 13).  The court does not find these historical facts persuasive, as we find no evidence to suggest that transfer in this instance is being sought in this instance to delay or frustrate collection.